J. Devlan Geddes
Kyle W. Nelson
Paul S. Burdett
GOETZ, BALDWIN & GEDDES, P. C.
35 North Grand
P.O. Box 6580
Bozeman, MT 59771-6580
Ph:     (406) 587-0618
Fax:    (406) 587-5144
E-mail: devlan@goetzlawfirm.com
        knelson@goetzlawfirm.com
        pburdett@goetzlawfirm.com

ATTORNEYS FOR DEFENDANT-INTERVENOR
APPLICANT PUBLIC LAND/WATER
ACCESS ASSOCIATION, INC.



**FILED**

**OCT 1 5 2015**

Clerk, U.S District Court
District Of Montana
Butte

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA,
## BUTTE DIVISION

| WONDER RANCH, LLC | ) | Case No. CV-14-57-BU-SEH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| UNITED STATES OF AMERICA, U.S. DEPARTMENT OF AGRICULTURE, acting through the U.S. Forest Service, and Melany Glossa, in her capacity as Supervisor of the Beaverhead-Deerlodge National Forest, | ) | **BRIEF IN SUPPORT OF MOTION TO INTERVENE** |
| Defendants. | ) | |

Defendant-Intervenor Applicant Public Land/Water Access Association, Inc.

(PLWA) respectfully requests an order granting it the right to intervene in this action as a Defendant and Counter-plaintiff pursuant to Federal Rule of Civil Procedure 24(a)(2). In the alternative, PLWA requests that the Court permit it to intervene pursuant to Rule 24(b)(1)(B).

## INTRODUCTION

Plaintiff Wonder Ranch, LLC's (Wonder Ranch) Complaint seeks to eliminate the public's right to use the Indian Creek Trail No. 328. That trail, after it leaves Wonder Ranch's property, accesses public land, and, for decades, has been used by the public and PLWA members for that purpose.

PLWA's mission is to "maintain, restore, and perpetuate public access to the boundaries of all Montana public land and waters." It has an interest in preserving the Indian Creek Trail No. 328 public easement that has, for close to a century, provided public access to the Beaverhead-Deerlodge National Forest and, more recently, the Lee Metcalf Wilderness. If that access is lost, PLWA's members' interest in preserving public access to this special place will be impaired.

PLWA seeks to intervene as of right to protect its interest in preserving this public easement accessing public land. PLWA's motion is timely and the Defendants may not adequately represent PLWA's interest. PLWA is accordingly entitled to intervene pursuant to Rule 24(a)(2).

Alternatively, the Court should permit PLWA to intervene pursuant to Rule 24(b)(1)(B).

## BACKGROUND

I. **PROCEDURAL BACKGROUND.**

On August 29, 2014, this action began as a quiet title action between Plaintiff Wonder Ranch, LLC (Wonder Ranch) and Defendant United States of America, U.S. Department of Agriculture, acting by and through the U.S. Forest Service (Forest Service). *See generally* Doc. 1. On December 8, 2014, the Forest Service answered Wonder Ranch's Complaint. Doc. 9. The parties submitted a joint discovery plan on January 15, 2015, Doc. 12, and, on January 29, 2015, exchanged preliminary pretrial statements. Doc. 13–14. On February 9, 2015, the Court held a preliminary conference to develop a case management plan and, afterwards, entered its scheduling order. Doc. 17.

On February 13, 2015, the Forest Service filed an amended answer and counterclaim, asserting claims to establish a prescriptive easement across the Wonder Ranch property. Wonder Ranch answered the counterclaim on March 6, 2015.

The only deadlines in the scheduling order that have passed are the deadlines to amend the pleadings and to disclosure expert reports. Discovery is open until

November 13, 2015, pretrial motions are to be fully briefed by January 15, 2016, and the status conference to select the trial date is on February 22, 2016.

## II. PLWA'S INTEREST IN THESE PROCEEDINGS.

For over 30 years, PLWA has advocated to protect and maintain public access to public lands and waters in Montana. During that time, PLWA worked to establish the famed public stream access law in Montana. More recently, PLWA was involved in the legal dispute that resulted in the Montana Bridge Access law.

In addition to stream access, PLWA is committed to maintaining and perpetuating public access to state and federal public lands in Montana. PLWA fought to establish the public's right to recreate on school trust lands, and has a long history of fighting illegal closures of public roads accessing Montana's public lands.

Its members have used the Indian Creek Trail to access the national forest and wilderness lands since at least the mid-1960s, well before PLWA existed, to the present. *See* Dec. of John D. Atcheson, ¶ 3 (Oct. 6, 2015), attached as Ex. A. PLWA members have accessed the national forest and Lee Metcalf Wilderness area to hunt, fish, ride horses, backpack, and cross country ski. *See e.g.* Dec. of John Gibson, ¶ 6 (Oct. 7, 2015), attached as Ex. B; Dec. Vergil Lindsey, ¶¶ 3–5 (Oct. 6, 2015), attached as Ex. C; Ex. A at ¶ 3. Some members have used the Indian Creek

4

Trail to access public lands as part of their livelihood, guiding hunters into the wilderness for backcountry hunting experiences. Ex. A at ¶ 4.

Since at least 1902, the Indian Creek Trail has provided public access to national forest lands, and, since 1965, to the Lee Metcalf Wilderness. *See* Doc. 14 at 4–5. A portion of that trail crosses Wonder Ranch's property before it reaches the national forest boundary. *See* Doc. 1. Wonder Ranch's Quiet Title Action seeks to eliminate this historic trail and the public easement as it crosses Wonder Ranch's property. *Id.*

If successful, Wonder Ranch's quiet title action would effectively eliminate public access to vast portions of the Lee Metcalf Wilderness through the Indian Creek Trail. To protect its members' interest in the continuing ability to access public lands from the Indian Creek Trail, PLWA now seeks to intervene in this action.[1]

## DISCUSSION

### I.   PLWA IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT.

Intervention as of right is governed by Federal Rule of Civil Procedure 24(a). Rule 24(a)(2) is applicable here, and states:

> On timely motion, the court must permit anyone to

---

[1] PLWA's proposed answer and counterclaim is attached as Ex. D.

5

> intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

To intervene as of right, an applicant must meet the four requirements imbedded in the rule: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to . . . the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. *Citizens for Balanced Use v. Mont. Wilderness Assn.*, 647 F.3d 893, 897 (9th Cir. 2011).

The burden to demonstrate these four elements rests with the applicant, but the requirements are broadly interpreted in favor of intervention. *Id.*; *Idaho Farm Bureau Fed. v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (Rule 24 "is construed broadly in favor of the applicants."). "[C]ourts are guided primarily by practical and equitable considerations," *U.S. v. Alisal Water Copr.*, 370 F.3d 915, 919 (9th Cir. 2004), "not technical distinctions." *Citizens for Balanced Use*, 647 F.3d at 897.

PLWA meets each of the elements for intervention as of right.

6

## A.   TIMELINESS.

"Timeliness is a flexible concept," *Alisal Water Corp.*, 370 F.3d at 921, but this factor should be treated "more leniently" than for permissive intervention because of potential harm to the applicant's significant protectable interests. *U.S. v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). Courts typically consider three factors to determine whether a motion to intervene is timely: (1) the stage of the proceeding at which the applicant seeks to intervene; (2) the prejudice to the other parties; and (3) the reason for and length of the delay. *Id.* Mere lapse of time alone is "not determinative." *Id.*

PLWA seeks to intervene prior to the close of discovery, prior to the filing of any dispositive motions, and long before the pretrial conference and the selection of the trial date. *See* Doc. 17 at 2. Upon information and belief, there have been no meaningful settlement discussions. In February 2015, the Forest Service filed its counterclaim seeking to establish a public prescriptive easement. *See* Doc. 19. PLWA has not unreasonably delayed in seeking intervention and agrees to comply with the existing scheduling order, preventing prejudice to any party or disruption of the proceedings. *See Citizens for Balanced Use*, 647 F.3d at 897.

PLWA's motion is timely.

7

## B. SIGNIFICANT PROTECTABLE INTEREST.

To demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue. *Id.* Rule 24(a)(2) does not require the applicant to establish some specific legal or equitable interest. *Fresno Cty. v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980). "The 'interest test' is basically a threshold one, rather than the determinative criterion for intervention, because the criteria of practical harm . . . and the adequacy of representation . . . are better suited to the task of limiting extension of the right to intervene." *Id.*

PLWA has a significant protectable interest in preserving and protecting public access to public lands in Montana, whether through establishing a public prescriptive easement or defending against Wonder Ranch's quiet title action. *See U.S. v. Carpenter*, 526 F.3d 1237, 1240 (9th Cir. 2008) (holding that wilderness conservation groups entitled to intervene in quiet title action because "they had the requisite interest in seeing that the wilderness area be preserved for the use and enjoyment of their members," despite the fact they did not have a property interest in the easement in dispute); *see also Citizens for Balanced Use*, 647 F.3d at 897–98 (recognizing wilderness conservation groups' "significant protectable interest in conserving and enjoying the wilderness character" of a wilderness study area).

8

PLWA members have used the public access trail to access public lands since at least the mid-1960s and every year since. Ex. A at ¶ 3–4; Ex. C at ¶ 3; Ex. B at ¶ 6. Its members have an interest in ensuring that the public trail that accesses public lands is preserved for the use and enjoyment of its members. *Carpenter*, 526 F.3d at 1240; Ex. B at ¶¶ 2, 5. PLWA has a significant protectable interest relating to the Forest Service's public prescriptive easement claim and Wonder Ranch's quiet title action.

### C. IMPAIRMENT.

"If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene[.]" *Citizens for Balanced Use*, 647 F.3d at 898 (citing Fed.R.Civ.P. 24 advisory committee's note); *see also Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) ("We follow the guidance of Rule 24 advisory committee notes ...."). Impairment, for purposes of Rule 24(a)(2), is not limited to consequences of a "strictly legal nature," it refers to impairment "as a practical matter." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1178–80 (9th Cir. 2011). Thus, a court may consider "any significant legal effect in the applicant's interest." *Nat. Resources Defense Council,*

*Inc. v. U.S. Nuclear Reg. Commn.*, 578 F.2d 1341, 1345 (10th Cir. 1978).[2]

If Wonder Ranch were to succeed in quieting title to the Indian Creek Trail on its property and defeats the Forest Service's claim of a public prescriptive easement, PLWA's and its members' interest in maintaining and perpetuating public access to public lands in Montana **may**, as a practical matter, be impaired. *See* Fed. R. Civ. P. 24(a)(2) (stating the court must permit anyone to intervene who . . . "is so situated that disposing of the action **may** as a practical matter impair or impede the movant's ability to protect its interest . . . .") (emphasis added); *see also* Ex. B at ¶ 6; Ex. A at ¶ 6; Ex. C at ¶ 6.

Under similar circumstances, "[h]aving found that [intervenor applicants] have a significant protectable interest, [the Ninth Circuit had] little difficulty concluding that the disposition of th[e] case may, as a practical matter, affect it." *Citizens for Balanced Use*, 647 F.3d at 898 (citation omitted) (concluding that wilderness conservation groups' interest in conserving and enjoying the wilderness study area "may, as a practical matter, be impaired" if the motorized use restrictions were enjoined). Likewise, the impairment test is satisfied here and PLWA is entitled to intervene.

---

[2] Cited with approval in *Forest Conservation Council*, 66 F.3d at 1498.

### D. ADEQUATE REPRESENTATION.

"The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Arakaki v. Cayetano,* 324 F.3d 1078, 1086 (9th Cir. 2003). Courts consider three factors to determine whether an intervenor's interests are adequately represented by an existing party: (1) whether the interest of a present party is such that it will undoubtedly make all of the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Berg,* 268 F.3d at 822. The burden of showing inadequacy of representation is "minimal"—all that needs to be shown is that representation of the applicant's interests by existing parties "**may be**" inadequate. *Id.* at 823 (emphasis added); *see also Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 538, n. 10 (1972) (same).

The Forest Service may not adequately represent PLWA's interests. PLWA is committed to the maintenance and preservation of public access to the boundaries of all public lands in Montana. Ex. B at ¶ 2. The Forest Service, on the other hand, may pursue a separate right of access claimed by the government. *See* Doc. 14 at 2 (noting that both "the public and the government claimed a right of access across"

11

Wonder Ranch's property); *see also id.* at 3 (noting the United States' maintenance and use of the trail "for administrative, commercial, and public use, up to the present day[.]"). The Forest Service's counterclaim only asserts the United States has acquired a prescriptive easement through the conduct of its own employees, its permittees and the general public "as authorized by Federal regulations." *See* Doc. 19 at ¶ 17.

It is possible the Forest Service's and PLWA's interests may diverge because PLWA seeks to establish a public prescriptive easement that is not limited to the Forest Service's administrative use. PLWA will "have to express [its] own unique private perspectives and . . . carry forward their own interests," such as establishing public rights of way that pre-date the original patent to Denny Wonder in 1936. *Berg*, 268 F.3d at 823–24; *see also Citizens for Balanced Use*, 647 F.3d at 899 ("the government's representation of the public interest may not be 'identical to the individual parochial interest' of a particular group just because 'both entities occupy the same posture in the litigation.'").

PLWA will offer important elements to the proceedings that the Forest Service may be unable to present. Ex. B at ¶¶ 4–5 (explaining PLWA's concern the Forest Service may be limited in the evidence it could introduce). PLWA should be allowed to represent its members' interests here and not rely solely on the Forest

Service's representation of its own interests because those two interests are not identical. *See Citizens for Balanced Use*, 647 F.3d at 899.

As the Forest Service may not adequately represent PLWA's interest, PLWA should be allowed to intervene as of right.

## II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT PLWA PERMISSIVE INTERVENTION.

A district court may grant permissive intervention under Rule 24(b) where the applicant has shown: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998); Fed. R. Civ. P. 24(b)(1)(B) (permitting permissive intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact."). The Rule 24(b) requirements are substantially lower than the requirements for intervention as of right.

In the alternative, PLWA should be granted permissive intervention for the same reasons it is entitled to intervene under Rule 24(a)(2). PLWA's application is timely and will not prejudice the rights of existing parties. The Court has jurisdiction over PLWA's claims because this action involves property in which the United States claims an interest. PLWA's claim that there is a public prescriptive

13

easement across Wonder Ranch's property shares a common question of both law and fact with the Forest Service's counterclaim as well its defense of Wonder Ranch's quiet title action. PLWA's interests will not be adequately represented if it is not allowed to intervene.

If the Court declines to grant PLWA the right to intervene under Rule 24(a)(2), it should exercise its discretion and grant PLWA permissive intervention.

## CONCLUSION

For the reasons set forth above, the Court should grant PLWA's motion to intervene as a matter of right. In the alternative, the Court should grant PLWA permissive intervention.

DATED this 13th day of October, 2015.

By: */s/ Kyle W. Nelson*
J. Devlan Geddes/Kyle W. Nelson/
Paul S. Burdett

**ATTORNEYS FOR DEFENDANT-INTERVENOR APPLICANT PUBLIC LAND/WATER ACCESS ASSOCIATION, INC.**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E) of the Federal Rules of Civil Procedure, the undersigned certifies that the word count calculated by Microsoft Word 2010 is 2,752 words (excluding the caption, certificate of service and certificate of compliance).

DATED this 13th day of October, 2015.

*/s/ Kyle W. Nelson*
Kyle W. Nelson
GOETZ, BALDWIN & GEDDES, P.C.
Counsel for Public Land/Water Access
Association, Inc.

## CERTIFICATE OF SERVICE

I certify that, on October 13, 2015, a copy of the foregoing document was served on the following persons by the following means:

```
_____   CM/ECF
_____   Hand Delivery
  2-5     Mail
   1      Overnight Delivery Service
_____   Fax
_____   E-Mail
```

1. Clerk, U.S. District Court

2. Mark Steger Smith
   Assistant U.S. Attorney
   2601 Second Ave. North
   Suite 3200
   Billings, MT 59101

3. Melissa A. Hornbein
   Assistant U.S. Attorney
   901 Front St., Ste. 1100
   Helena, MT 59626

4. Christopher C. Stoneback
   Gregory F. Dorrington
   Crowley Fleck PLLP
   500 Transwestern Plaza II
   490 North 31st Street
   P.O. Box 2529
   Billings, MT 5910-2529

5. John E. Bloomquist
   Rachel A. Kinkie
   Bloomquist Law Firm, P.C.
   Diamond Block, Suite 100
   44 West 6th Ave.
   P.O. Box 799
   Helena, MT 59624-0799

*/s/ Kyle W. Nelson*
Kyle W. Nelson